IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:09-CV-57-FL

| | |
|---|---|
| MCKESSON SPECIALTY CARE DISTRIBUTION JOINT VENTURE, L.P., <br><br> Plaintiff, <br><br> v. <br><br> OUTER BANKS HEMATOLOGY-ONCOLOGY, P.A. and JOSE ACOSTAMADIEDO, <br><br> Defendants. | ORDER |

This matter comes before the court on plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (DE # 30). Defendants have not responded, and the time within which to do so has passed. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, plaintiff's motion is granted.

## STATEMENT OF THE CASE

On December 10, 2009, plaintiff initiated this breach of contract action by filing complaint against defendants Outer Banks Hematology-Oncology, P.A. ("OBHO") and Jose Acostamadiedo ("Acostamadiedo"). Defendants filed their answer on January 22, 2010. With leave of the court, plaintiff filed an amended complaint on November 10, 2010. Defendants answered the amended complaint on January 12, 2010.

Plaintiff alleges that OBHO has breached two commercial credit agreements which were personally guaranteed by Acostamadiedo. According to plaintiff, OBHO has failed to pay for

prescription drugs which were sold to it on credit under the agreements. Plaintiff alleges that the value of these drugs exceeds $380,000.00, and that defendants owe additional unpaid late charges and interest in an amount exceeding $75,000.00 as well as attorneys' fees in an amount exceeding $57,000.00. Defendants do not dispute that a sum of money is owed to plaintiff, but disagree as to the amount of that sum.

On January 14, 2011, plaintiff moved for summary judgment on its claims. In support of its motion, plaintiff has submitted (1) the affidavit of David Corcoran, Director of Financial Services; (2) a credit application and commercial credit agreement dated February 23, 2007; (3) an account statement dated January 14, 2011; (4) a second credit application and commercial agreement dated March 6, 2007; and (5) a second account statement dated January 14, 2011. Defendants have not submitted affidavits or filed any memorandum in opposition to plaintiff's motion.

## STATEMENT OF THE UNDISPUTED FACTS

On or about February 23, 2007, OBHO entered into a commercial credit agreement ("the First Agreement") with Oncology Therapeutics Network Joint Venture, L.P. ("OTN"). Under the First Agreement, OTN allowed OBHO to purchase merchandise (i.e., prescription drugs) on credit. The First Agreement stated that OBHO would be liable for finance charges on past due balances paid at an annual percentage rate of 12%. OBHO further agreed to pay reasonable attorneys' fees related to collection efforts. Acostamadiedo personally guaranteed payment of any indebtedness of OBHO. Plaintiff became the successor to OTN's interest in the First Agreement when plaintiff's parent company acquired the interests and assets of OTN.

On or about March 6, 2007, OBHO entered into a commercial credit agreement ("the Second Agreement") with plaintiff. The Second Agreement provides for service charges on past due

amounts of 1.5%. As with the First Agreement, the Second Agreement provides that OBHO will pay any reasonable attorneys' fees or expenses incurred by plaintiff in collecting any amount due. But unlike the First Agreement, and contrary to the affidavit of David Corcoran and the arguments of plaintiff, the Second Agreement does not contain a personal guaranty by Acostamadiedo.

Plaintiff sold and delivered to OBHO a number of prescription drugs under both the First and Second Agreements. OBHO failed to pay for these goods. According to records maintained in the normal course of business and submitted to the court, the outstanding principal due under the First Agreement was $324,801.18 as of January 14, 2011. An additional sum of $20,343.17 in finance charges based on these overdue amounts was also due. Under the Second Agreement, also as evidenced by records maintained in the normal course of business, the outstanding principal amount was $77,201.49, with finance charges in the amount of $36,292.47 also due.

## DISCUSSION

A. Standard of Review

"Summary judgment is not solely a defensive mechanism: Rule 56 expressly contemplates the availability of summary judgment to a claimant." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 521 (4th Cir. 2003). Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Bouchat, 346 F.3d at 521-22 (noting that the same a plaintiff moving for summary judgment bears the same burden of proof as a defendant moving for summary judgment). Once the moving party has met its burden,

the nonmoving party must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

Plaintiff's breach of contract claims against defendants arise under North Carolina common law. To prevail in a breach of contract action, plaintiff must show that "'a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach.'" Capparelli v. AmeriFirst Home Improvement Fin. Co., 535 F. Supp. 2d 554, 563 (E.D.N.C. 2008) (quoting Claggett v. Wake Forest Univ., 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997)). "When the language of a contract is clear and unambiguous, construction of the contract is a matter of law for the court." Hagler v. Hagler, 319 N.C. 287, 294, 354 S.E.2d 228, 234 (1987); see also Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004).

The unambiguous language of the contract and the undisputed evidence before the court are sufficient to demonstrate plaintiff's entitlement to judgment as a matter of law. The court has been provided with copies of two valid contracts between OBHO and plaintiff or its predecessor in interest. In a sworn affidavit, plaintiff's Director of Financial Services has stated that OBHO has been delinquent in fulfilling its obligation to pay amounts due based on plaintiff's tender of goods under the agreements. Defendant therefore is in breach of those agreements. Attached to the affidavit are invoices dated January 14, 2011, providing for total damages in the amount of $458,638.31. Defendants have not provided any evidence to dispute these figures, and admit in their

4

Case 2:09-cv-00057-FL   Document 39   Filed 02/24/11   Page 4 of 6

answer to the amended complaint that some money is owing on the two accounts.

Each of the agreements also provides for "reasonable attorneys' fees" spent on efforts collecting on any debt. In "a diversity action based on state contract law, the contract['s] . . . provisions on attorneys' fees . . . [are] to be interpreted using state law." Western Insulation, L.P. v. Moore, 362 F. App'x 375, 379 (4th Cir. 2010) (unpublished). Under North Carolina law,

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity . . . . If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2(2). Accordingly, plaintiff has also shown an entitlement as a matter of state law to attorneys' fees in the amount of $48,720.18 under the First Agreement (15% of $324,801.18) and $11,580.22 under the Second Agreement (15% of $77,201.49).

Although attorneys' fees are governed by state law, "[f]ederal law . . . governs the calculation of post-judgment interest in diversity cases." Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). Pursuant to federal statute, "[i]nterest *shall be allowed* on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a) (emphasis added). Accordingly, plaintiff is entitled to post-judgment interest at the federal rate.

Acostamadiedo personally guaranteed any indebtedness incurred by OBHO under the terms of the First Agreement. Accordingly, OBHO and Acostamadiedo are jointly and severally liable for

5

the sum of $393,864.53, which includes $324,801.18 in principal, $20,343.17 in finance charges due to late payment, and $48,720.18 in attorneys' fees. The Second Agreement does not contain a personal guaranty by Acostamadiedo, and plaintiff has not shown that the guaranty in the First Agreement should apply to amounts incurred under the Second Agreement simply because plaintiff later became a successor in interest to one of the parties in the First Agreement. As such, OBHO is solely and additionally liable for the sum of $125,074.18, which includes $77,201.49 in principal, $36,292.47 in finance charges, and $11,580.22 in attorneys' fees.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment (DE # 30) is GRANTED. Plaintiff is awarded the sum of $518,938.71. Defendants are jointly and severally liable for $393,864.53 of this sum. Defendant Outer Banks Hematology-Oncology, P.A. is solely liable for $125,074.18 of this sum. Interest shall accrue as of the date of judgment in the amount provided for by 28 U.S.C. § 1961(a).

SO ORDERED, this the 24ᵗʰ day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge